Matter of T. D. v L. M. D. (2023 NY Slip Op 03214)

Matter of T. D. v L. M. D.

2023 NY Slip Op 03214

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Oing, J.P., Singh, Moulton, Scarpulla, Shulman, JJ. 

 Docket No. V-09454-13/21B, V-09197-13/20C, V-09197-13/21D Appeal No. 438 Case No. 2022-05037 

[*1]In the Matter of T. D., Petitioner-Appellant,
v
L. M. D., Respondent-Respondent. 

Anne Reiniger, New York, for appellant.
Yesenia Rivera-Sipes, New York, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the child.

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about October 11, 2022, which, to the extent appealed from, following a fact-finding hearing, denied petitioner mother's application to modify the prior order of custody and visitation to allow her to relocate with the subject child to Dutchess County, unanimously affirmed, without costs.
Family Court's determination that relocation was not in the best interests of the child had a sound and substantial basis in the record, and the child's rights and needs were accorded their due weight (see Matter of Tropea v Tropea, 87 NY2d 727, 739-741 [1996]; Matter of Raymond S.H. v Nefertiti S.M., 176 AD3d 467, 468 [1st Dept 2019]).
The mother, who shared joint custody of the parties' child with respondent father, failed to show by a preponderance of the evidence that the proposed relocation would be in the child's best interests (see Tropea, 87 NY2d at 741). Although the mother established that a slight economic advantage could be realized by the move to Dutchess County, the increase in her business's profit margins was modest at best, while her Bronx and Dutchess County rents were comparable. The record also shows that the educational benefit to the child, if any, would be minimal. The mother had identified two private schools for the child, but had no realistic plan for covering the cost of tuition, which she believed to be $40,000 per year. The mother also presented no evidence that the local public school in Dutchess County would be a better fit for the child academically, especially in light of the evidence that the zoned public school in the Bronx will provide him with a high and appropriate quality of education.
In addition, the father provided sound reasons for opposing relocation because it would limit the amount and quality of his contact with the child. The testimony of both parents made it clear that the father had been actively involved in all aspects of the child's life since birth, and that the parties split their time with him nearly 50/50. The mother's contention that she did not believe the move would impact the child's relationship with the father is belied by the record, as her proposed parenting schedule would eliminate 8 out of 12 of the father's overnight visits, reduce his parental time to three weekends a month, and take away his ability to be involved in the child's school-related and afterschool activities. Moreover, the mother's initial relocation, which she kept a secret from the father, gave the court a legitimate reason to doubt that she would seek to preserve the father-child relationship if she were permitted to relocate again.
Through his attorney, the child expressed a preference for relocation. Nevertheless, the Referee properly concluded that any benefits of relocation would not outweigh the harm that would ensue should the child's relationship with his father be
disrupted (see Matter of Angel D. v Nieza S., 131 AD3d 874, 875 [1st Dept [*2]2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023